IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-61280 |
| | ) | |
| Christopher Paxos, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Russ Kendig |

**CREDITOR FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OVER TENNESSEE COMMERCE BANK'S OBJECTION TO DEBTOR'S MOTION TO SELL PROPERTY FREE OF ANY INTERST OF ANY ENTITY OTHER THAN THE ESTATE**

Pursuant to 11 U.S.C. §363, Creditor Federal Deposit Insurance Corporation ("FDIC") as Receiver over Tennessee Commerce Bank ("FDIC Receiver") respectfully objects to Debtor's Motion to Sell a Parcel of Real Property Located at 7237 Brycewood Circle NW, North Canton, OH (the "Property") Free of Any Interest of Any Entity Other Than The Estate (the "Motion") [Docket No. 77].

**Relevant Facts**

The Property is a 7,000+ square foot home, situated on over 3 acres of land, includes a bath house and a pool, and is in excellent condition. *See* Exhibit A hereto. The Stark County Auditor indicates that the Debtor purchased and made improvements to the Property in four stages: an initial purchase in 1992 for $0.00, a parcel purchase in 1995 for $72,000, a second parcel purchase in 2002 for $484,100, and a third parcel purchase in 2006 for $1,125,000, for a total sale price of $1,681,100. *Id.* The U.S. Trustee in this case cites to Zillow.com's current

Property valuation of $956,529. [Docket No. 82 at ¶5]. The Property is Debtor's largest, and essentially only, reported asset. [Docket No. 17, Summary of Schedules].

The FDIC-Receiver is a judgment lienholder against the Property. [Docket No. 44 and FDIC-Receiver's proof of claim]. In his Motion, Debtor incorrectly states that all holders of an interest in the Property "consent to the sale free of their interest." *See* Motion at ¶3. The FDIC-Receiver never consented to the sale of the Property free of its interest. Debtor never communicated with the FDIC-Receiver regarding this potential sale. In fact, the FDIC-Receiver was not even aware of any potential Property sale until it received the Motion.

Debtor presents no evidence of any efforts made to place the Property on the open market for sale. He presents no evidence of any bids on the Property, or any solicitations to bid. He presents no evidence of any attempts to sell the Property to an arms-length purchaser. Instead, Debtor simply proposes to sell the Property to CNAI Real Estate LLC ("CNAI") for $750,000.00. A review of the Ohio Secretary of State records indicates CNAI is not registered to conduct business in Ohio. Furthermore, Debtor's Motion confirms that CNAI is owned by Debtor's father, Nikolaos Paxos, who is an unsecured creditor of Debtor for a $572,000 personal loan. [Docket No. 17, Schedule F]. Debtor's father is also financing Debtor's bankruptcy defense. [Docket No. 22].

Although this bankruptcy commenced over eight months ago in May 2012, Debtor still has not filed a disclosure statement or a plan of reorganization. *See* Docket. The United States Trustee's motion to dismiss and/or convert this case to a Chapter 7 bankruptcy proceeding is also pending before this Court. [Docket No. 53].

**Law and Argument**

To permit a sale of the Property, Debtor must demonstrate that the sale of the Property is in the best interest of the estate and creditors, and that the sale is made in good faith. *In re Country Manor of Kenton, Inc.*, 172 B.R. 217 (Bankr. ND Ohio 1994); *see also In Re Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986).

Here, Debtor does not articulate, or even mention, how the sale of the Property is in the best interest of the estate and creditors. As a result, Debtor fails to establish that the sale of the Property is in the best interest of the estate and creditors. Furthermore, absent Debtor's plan of reorganization, the FDIC-Receiver is not aware of Debtor's payment intentions to his creditors. As a result, the FDIC-Receiver cannot opine as to how the sale of the Property would affect Debtor's reorganization plan, let alone how the proposed sale would be in anyone's best interest. In such a scenario, the Property sale proposed by Debtor must be very closely scrutinized. *In Re Plabell Rubber Products, Inc.*, 149 B.R. 475, 480 (Bankr. ND Ohio 1992)(a sale of assets without a chapter 11 disclosure statement and plan must be closely scrutinized to ensure the sale is not "employed to circumvent the creditor protections of chapter 11.").

Regardless, Debtor fails to establish that the proposed sale is made in good faith. First, evidence exists which suggests that the fair market value of the Property is more than the $750,000 proffered by Debtor.[1] For example, Zillow.com, and the U.S. Trustee, propose a Property valuation of $956,529, which is $206,529 more than Debtor's $750,000 proposed sale

---

[1] The Stark County Auditor's $750,000 Property valuation proffered by Debtor is "not entitled to a presumption of validity," and therefore is, on its face, inconclusive relative to the actual fair market value of the Property. *DCWI Office North, LLC v. Montgomery Cty. Auditor*, 195 Ohio App. 3d 235, 245 (Montgomery Cty. 2011). Likewise, Debtor cites to a $750,000 "appraisal" of the Property, but fails to attach the appraisal to, or reference any information regarding the appraisal in, the Motion.

3

price. Further, the total sales price for the Property was $1,681,100, which is $931,100 more than the value proffered by Debtor.

With this information, it is likely the proposed sale will be to the significant advantage of Debtor's father. Debtor's father is an unsecured creditor in this proceeding for a personal loan of $572,000. If he purchases the Property for anything below value, he is essentially reducing the amount of his unsecured debt. This disadvantages all other creditors, including secured creditors such as the FDIC-Receiver, as it reduces the amount available to pay other debts. For example, accepting, *arguendo,* the Trustee's and Zillow.com's $956,529 Property valuation as accurate, a $750,000 purchase unfairly reduces Debtor's father's unsecured debt by $200,000, and eliminates $200,000 which would otherwise be available to pay other creditors. This is exactly the scenario prohibited by the bankruptcy courts. *In Re Plabell Rubber Products, supra.*

Most importantly, Debtor demonstrates no efforts to market and/or sell the Property to anyone other than his father, a large unsecured creditor of Debtor and who is also financing Debtor's bankruptcy defense. Debtor evidences no other bids on the Property, or any solicitations for bids. He fails to present the sale to his father is an arm's length sale or articulate how it could reasonably be construed as such. Consequently, Debtor fails to substantiate a sale of the Property free and clear of all interests. *See In Re Country Manor, supra,* at 221 (court denied debtor's motion to sell property free and clear of all liens when debtor failed to evidence that the property was either advertised or placed upon the real estate market, when debtor failed to present evidence regarding negotiations for the sale, when debtor did not demonstrate soliciting other bids, when no other bids were placed upon the property, and when the sale did not appear to be negotiated at arm's length, **although "the factor the Court is most concerned about is the lack of effort in soliciting other offers."** ). *Id.; see also In Re Plabell Rubber*

4

*Products, supra*, at 479-480 (sale of property free and clear of liens denied when, among other things, debtor failed to solicit other offers). Debtor therefore fails to establish that his Property sale is proposed in good faith.

**Conclusion**

For the foregoing reasons, Debtor's Motion should be denied. Alternatively, to the extent the Court approves Debtor's proposed sale of the Property, the FDIC-Receiver requests that the sale proceeds be deposited with this Court, and that its judgment lien interests and rights be fully preserved and enforceable against the sale proceeds.

Respectfully submitted,

*/s/ Melissa A. Jones*
Melissa A. Jones (0074967)
Dale S. Smith (0081245)
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
216-515-1660
216-515-1650 – Facsimile
mjones@frantzward.com
dsmith@frantzward.com

*Attorneys for Creditor FDIC as Receiver over Tennessee Commerce Bank*

# CERTIFICATE OF SERVICE

I do hereby certify that, on this 29th day of January, 2013, a copy of the foregoing Motion to Extend Time was electronically transmitted to the following who are listed on the Court's Electronic Mail Notice List:

- Edward J. Boll on behalf of HSBC Bank US, Trustee for Wells Fargo Asset Securities Association
- Scott A. King on behalf of HSBC Bank US, Trustee for Wells Fargo Asset Securities Association
- Jennifer L. Maffett on behalf of HSBC Bank US, Trustee for Wells Fargo Asset Securities Association
- Carrie M. Brosious on behalf of Comerica Bank
- David E. Butz on behalf of Debtor
- Thomas Houlihan on behalf of Ohio Dept. of Jobs and Family Services
- Michael J. O'Shea on behalf of Sprint SPE Portfolio
- Beth Ann Sanchez on behalf of Huntington National Bank
- Frederic P. Schwieg on behalf of Debtor
- John W. Solomon on behalf of Comerica Bank
- Elia O. Woyt on behalf of Comerica Bank
- Phyllis A. Ulrich on behalf of Comerica Bank
- Maria D. Giannirakis on behalf of the United States Trustee
- Amy Good on behalf of the United States Trustee

I also certify that on the 29th day of January, 2013, a copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Christopher Paxos
7237 Brycewood Circle NW
North Canton, Ohio 44720

Chief Legal Officer
Spirit SPE Portfolio 2007-I LLC
Spirit Finance Corp.
14631 N. Scottsdale Road
Scottsdale, AZ 85260

Ohio Department of Taxation
Bankruptcy Division
PO Box 530
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215

John F. Anthony, II, on behalf of Interested Party Stark County Treasurer
Stark County Treasurer
110 Central Plaza S.
Suite 510
Canton, OH 44702

/s/ Melissa A. Jones
One of the Attorneys for Creditor FDIC, Receiver over Tennessee Commerce Bank