**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE CHRISTOPHER PAXOS<br>*Debtor* | CASE NO. 12-61280-RK<br>CHAPTER 11<br>JUDGE RUSS KENDIG |

**THIRD PLAN OF REORGANIZATION FOR CHRISTOPHER PAXOS**

ARTICLE I.  SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") is proposed by Christopher Paxos as Debtor and Debtor-in-Possession ("Debtor"). The Debtor propose to pay parties holding Allowed Claims ("Creditors") from multiple sources, including without limitation, future income and cash flow from operations, and sales or leases of assets. This Plan provides for one (1) class of Secured Claims and five (5) classes of Unsecured Claims. General Unsecured Creditors holding Allowed Unsecured Claims in Classes 3, 4, and 5 are projected to receive distributions which the Debtor estimate to be **one to two percent (1% to 2%) of their Allowed Claims**.

All Creditors and equity security holders should refer to ARTICLE III through ARTICLE VII below of this Plan for information regarding the precise treatment of their Claims and how the Plan will operate. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of Creditors and equity security holders has been circulated with this Plan. Certain capitalized terms used herein are defined in this Plan, the Disclosure Statement or 11 U.S.C. §101 et seq (the "Bankruptcy Code" or "Code"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II.  UNCLASSIFIED CLAIMS: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND TAX CLAIMS

2.1     Unclassified Claims. Under section §1123(a)(1), Claims Allowed by the Bankruptcy Court pursuant to §503(b) of the Code ("Administrative Expense Claims"), and Allowed Claims entitled to priority pursuant to §507(a)(8) ("Tax Claims") are not in classes under this Plan and ineligible to vote on the Plan.

2.2     Administrative Expense Claims. Each holder of an Administrative Expense Claim, including fees for professionals retained in the Cases by the Debtor as ultimately Allowed by the Bankruptcy Court ("Professional Fee Claims"), will be paid in full on the Effective Date in cash. The Debtor estimate the amount of Administrative Expense Claims to be $30,000,000.

2.3     Tax Claims. Each holder of a Tax Claim will be amortized and paid in full in year five of the Plan and bear interest at the rate specified in applicable non-bankruptcy tax law until paid in full. Debtor believes that there are no tax claims. However the IRS has filed a Proof of Claim for $393,307.37, of which $3,186.24 would be non-priority and thus general unsecured Class 5 claim. However $381,578 seems to be for withholding taxes from PPCI and

1

associated penalties.  Of that amount $153,758 is for periods after the Debtor left PPCI.  The Debtor therefore feels that the IRS claim will be substantially reduced.  In the ordinary course of his financial affairs the Debtor will pay income, use and real estate taxes as they come due, but these are not Tax Claims. Any payment by the Debtor on the Tax Claims will not reduce the Borrowed Funds.  Payments on any Allowed Tax Claim may be made from the Debtor's disposable income, tax refunds (if any) or other borrowings if necessary.  Which option the Debtor will use to pay Tax Claims will depend in part on the Allowed amount of such Tax Claim which is presently unknown.

      2.4    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees due and owing on or before the Effective Date of this Plan will be paid on the Effective Date.

ARTICLE III.  **TREATMENT OF CLAIMS AND INTERESTS CLASSIFIED UNDER THE PLAN**

      3.1    Classified Claims and interests shall be treated as follows under this Plan:

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Class 1 – Secured Claim of Huntington Bank ("HNB") | Unimpaired; will not be solicited to vote on the Plan. | HNB has a claim secured by the Debtor's motor vehicle.  HNB will retain its lien and the Debtor will make all payments when due to HNB and they will not come from or reduce the Borrowed Funds. |
| Class 2 – Priority Claim of Leslie Paxos | Unimpaired; will not be solicited to vote on the Plan. | Pursuant to their property settlement and divorce decree Debtor is to pay Ms. Paxos $2,800 per month for alimony and child support.  This amount increases as shown in the plan projections attached as Exhibit B to the Disclosure Statement.  The Debtor will make all payments when due Ms. Paxos and they will not come from or reduce the Borrowed Funds. |
| Class 3– Unsecured Claim of Spirit | Impaired; Entitled to Vote on the Plan | As noted above Spirit claims to be owed $1,075,087.  The Class 2 Claim shall receive payments pro-rata with Classes 3 and 4 when (1) the Spirit Adversary is settled or otherwise resolved, unless the Spirit Claim is held to be non-dischargeable, in which case it will be paid by the Debtor form funds other than the Borrowed Funds. |
| Class 4 – Unsecured Deficiency | Impaired; Entitled to Vote on the Plan | Class 4 Creditors consist of the remaining balance due for Claims that were originally secured by the Debtor's residence that were |

| Class | Impairment | Treatment |
|---|---|---|
| Claims. | | unpaid from the sale proceeds. The Debtor believes that there are 4 Creditors in Class 4: HSBC Bank USA NA in the approximate amount of $130,000;Wells Fargo Bank for $249,824; Comerica Bank in the approximate amount of $6,543,627.00; and Tennessee Commerce Bank in the approximate amount of $22,288.95. Class 4 Claims will receive a pro-rata distribution with Classes 3 and 5. |
| Class 5 – Unsecured Claims other than Classes 3 and 4. | Impaired; Entitled to Vote on the Plan | Class 5 Creditors will receive a pro rata payment with Classes 3 and 4 in cash on the Effective Date or as soon thereafter as Sufficient Funds are available to pay such claims. The Debtor believes there is $870,057.18 in Class 5 Claims. |
| Class 6 –General Unsecured Claims Arising owed to Nick Paxos | Impaired; Entitled to Vote on the Plan | The Class 6 Claim will receive no payment for the prepetition Claim of Nikolas Paxos is owed $572,000 for loans to the Debtor for business and living expenses. The Debtor will make payments to CNAI Real Estate LLC that bought the Debtor's residence during the Chapter 11 case as set forth in the Plan Projection attached as Exhibit B to the Disclosure Statement. |

3.2 **Periodic Distributions Defined.**

(a) "Periodic Distributions" means the Distributions to classified Creditors called for under the Plan, made after the Distributions due on the Effective Date to parties in interest. An Initial Periodic Distribution will commence on or after the 30th day after the Effective Date by presuming all Claims are Allowed at their face value and making a pro-rated Distribution based on that amount. A final Distribution will be made once all Claims are Allowed or Disallowed by the Bankruptcy Court.

3.3 **Plan Funding.**

(a) **Borrowed Funds** On the Effective Date the Debtor will borrow sufficient funds from his father (or entities controlled by him) to pay general unsecured creditors $50,000 in one lump sum once all claims are Allowed or Disallowed. This means that the Debtor will also borrow sufficient funds to pay the administrative expenses in full (collectively "Borrowed Funds"). The terms and conditions of repayment of the Borrowed Funds have not been determined. Any repayment of the Borrowed Funds will not reduce the Distribution to Claims. Any taxes due by the Debtor from receipt of the Borrowed Funds (if any) will also not reduce the Distribution to Claims.

(b) **Funds on Hand.** Funds on hand will be used to make payments due under the Plan.

**3.4** **Votes Necessary for a Class to Accept the Plan.**

(a) A Class of Claims accepts the Plan if both of the following occur: (i) the holders of more than one-half (1/2) of the Allowed Claims in the Class, who vote, cast their votes to accept the Plan, and (ii) the holders of at least two-thirds (2/3) in dollar amount of the Allowed Claims in the Class, who vote, cast their votes to accept the Plan.

(b) The Class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the total membership interests in Holdings, who vote, cast their votes to accept the Plan.

(c) If no holder of a Claim or Equity Interest in a Class of Claims or Equity Interests eligible to vote in a particular Class timely submits a ballot to accept or reject the Plan and does not otherwise object to the Plan, then the applicable Class will be deemed to have voted to accept the Plan.

ARTICLE IV.  **ALLOWANCE AND DISALLOWANCE OF CLAIMS**

4.1 Disputed Claim.  A "Disputed Claim" is a Classified or Unclassified Claim that has not been allowed or disallowed (by a final non-appealable order), or as to which either: (i) a proof of claim or an application has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such Claim as disputed, contingent, or unliquidated.  Debtor or other party in interest shall submit objections to all Claims within ninety (90) days of the Effective Date.  Notwithstanding the foregoing, all applications for payment of administrative expenses will be deemed to be Disputed Claims until such time as the application is approved by the Bankruptcy Court regardless of whether or not an objection to such application has been filed by a party in interest.

4.2 Delay of Distribution on a Disputed Claim.  No pro-rata payment on any Classified or Unclassified Claim due pursuant to ARTICLE III or ARTICLE IV above of this Plan ("Distribution") will be made on account of a Disputed Claim until the Bankruptcy Court enters an order upholding the validity of such Claim, and such order is a final non-appealable order (in such case, the Claim becomes "Allowed" and is an "Allowed Claim").  To the extent a Distribution on a Disputed Claim is delayed, the Debtor shall segregate an amount equal to such holder's pro rata share of any such Distribution and hold such amount pending final allowance or disallowance of such Claim.  If a Disputed Claim becomes an Allowed Claim, and if the Debtor is holding funds for Distribution to such holder, Debtor shall make such Distribution within twenty (20) days of a determination that the Disputed Claim has been Allowed.  If such Disputed Claim is disallowed, then the Debtor shall include such held funds until the next scheduled Distribution and include such funds in the amounts to be distributed to other Claim holders at such time.

4.3 Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a Disputed Claim without court approval or compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE V.  **PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

5.1 Upon the Effective Date the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed or before the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

ARTICLE VI.  **MEANS FOR IMPLEMENTATION OF THE PLAN**

**6.1** **Plan Funding.**

(a) **Borrowed Funds** On the Effective Date the Debtor will borrow the Borrowed Funds.

(b) **Funds on Hand.** Funds on hand will be used to make payments due under the Plan.

6.2 **Process for Distributions Under the Plan.** An Initial Periodic Distribution will commence on or after the 30th day after the Effective Date by presuming all Claims are Allowed at their face value and making a pro-rated Distribution based on that amount. A final Distribution will be made once all Claims are Allowed or Disallowed by the Bankruptcy Court.

ARTICLE VII.  **GENERAL PROVISIONS**

7.1 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. In addition, all other defined terms used herein have been defined contextually within the text of this Plan. Terms defined in this Plan, the Disclosure Statement or in Section 101 or 102 are capitalized herein

7.2 <u>Confirmation Order and Effective Date of Plan</u>. The "<u>Effective Date</u>" of this Plan is the fifteenth business day following the date of the entry of the order confirming this Plan ("Confirmation Order" and the date of entry of the Confirmation Order is the "Confirmation Date"). But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated. In the event Bankruptcy Court approval of a payment to a party due to be paid on the Effective Date is necessary and such approval has not happened before the Effective Date (such as an award of Professional Fees or ruling on Allowance of a Claim) the term Effective Date with respect to such payment shall mean the date such order becomes a Final Order.

7.3 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5 <u>Captions</u>. The headings contained in this Plan are for convenience of reference

only and do not affect the meaning or interpretation of this Plan.

      7.6     <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Ohio govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      7.7     <u>Notices</u>.  Any notice required or permitted to be provided under this Plan is required to be in writing and served by one of the following: (a) certified mail, return receipt requested, postage prepaid; (b) hand delivery; (c) reputable overnight courier service, freight prepaid; or (d) fax; addressed as follows:

      If to the Debtor:    Chris Paxos
                                  7237 Brycewood Cir
                                  North Canton OH 44720

      Copy to:    Frederic P. Schwieg, Esq. (0030418)
                          Attorney At Law
                          2705 Gibson Dr.
                          Rocky River, Ohio 44116-3008
                          Fax (440) 398-0490
                          fschwieg@schwieglaw.com

      7.8     <u>Delivery of Notices.</u> If personally delivered, such communication is deemed delivered upon actual receipt; if faxed in accordance with this Plan, such communication is deemed delivered noon of the first Business Day following transmission; if sent by overnight courier in accordance with this Plan, such communication is deemed delivered noon of the first Business Day following deposit with such courier; and if sent by U.S. mail in accordance with this Plan, such communication is deemed delivered as of the date of delivery indicated on the receipt issued by the relevant postal service; or, if the addressee fails or refuses to accept delivery, as of the date of such failure or refusal. Any party to this Plan may change its address for the purposes of this Plan by giving notice of such change.

      7.9     <u>Inconsistency</u>.  If any inconsistency between this Plan and the affiliated disclosure statement (the "<u>Disclosure Statement</u>") exists, the provisions of this Plan govern.

      7.10    <u>Modification of the Plan</u>.  Debtor expressly reserves the right to alter, amend, or modify this Plan before its substantial consummation to the full extent permitted pursuant to Section 1127 of the Bankruptcy Code , Rule 3019 of the Federal Rules of Bankruptcy Procedure, any other applicable law or the Plan.

      7.11    <u>Subordination</u>. The Distributions under this Plan take into account the relative priority of each Claim in connection with any contractual subordination provisions relating to such Claim. Accordingly, distributions under this Plan are not and may not be subject to levy, garnishment, attachment, or other legal process by any holder of a Claim or Equity Interest purporting to be entitled to the benefits of such contractual subordination, and all such holders are deemed to have waived any and all contractual subordination rights they otherwise may have had.

      7.12    <u>De Minimis Distributions</u>.  No distributions of less than $10 will be made to any

Creditor on account of any Claim. If a Creditor holding an Allowed Claim does not receive a distribution owing to the provisions of this section on the Effective Date or any subsequent date, then the Allowed Claim remains eligible for distributions on the first date set for distributions when such distribution exceeds $10.

    7.13    <u>Final Payment Under the Plan</u>.  At such time as all obligations under the Plan are completed, and Distributions have occurred and any remaining funds exist and all proposed Distributions are less than the DeMinimis Distribution limit, then the Debtor shall be authorized to make payment of any and all funds remaining for payments to theDebtor's choosing, so long as such charity is located in and/or benefits the inhabitants of Northeastern Ohio.

    7.14    <u>Jurisdiction</u>. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court will retain such jurisdiction over the Case after the Effective Date as follows:

- (a) to hear and decide (1) objections to Claims; and to disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status or the amount of any Claim, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of Claims;
- (b) Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Code incurred prior to the Confirmation of this Plan;
- (c) to hear avoidance actions under §§ 522, 544, 545, 548 and 549;
- (d) to determine turnover actions under §§ 542 and 543;
- (e) to issue revocation of an Confirmation Order under § 1144;
- (f) to order dismissal under § 1112;
- (g) to permit modification of the Plan under § 1127(b);
- (h) to enforce the permanent injunction under § 524(a); and
- (i) To issue final decrees and enter orders closing the Chapter 11 Cases; and
- (j) any other matter subject to this Court's jurisdiction pursuant to applicable law.

## ARTICLE VIII.  **DISCHARGE AND INJUNCTION**

    8.1    <u>Discharge.</u>  Upon issuance of the Confirmation Order and the final payment under the Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by the Plan; (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in §1141(d)(6)(B).

## ARTICLE IX.  **CONFIRMATION REQUEST**

    9.1    If one or more impaired classes of Claims and Interests fails to accept the Plan under Section 1126 of the Code, and all of the applicable requirements of Section 1129(a) of the Code, other than Section 1129(a)(8), have been satisfied, the Debtor requests that the Court

confirm the Plan pursuant to the provisions of Section 1129(b) of the Code.

/s/ Frederic P. Schwieg  /s/ Christopher Paxos

Frederic P. Schwieg, Esq. (0030418)  Christopher Paxos
Attorney At Law
2705 Gibson Dr.
Rocky River, Ohio 44116-3008
(440) 499-4506
Fax (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Debtor

- 8 -

12-61280-rk    Doc 151    FILED 09/02/13    ENTERED 09/02/13 21:01:13    Page 8 of 8