**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.**

  

Russ Kendig
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE CHRISTOPHER PAXOS<br>*Debtor* | CASE NO. 12-61280-RK<br>CHAPTER 11<br>JUDGE RUSS KENDIG |

### AGREED ORDER CONFIRMING FOURTH PLAN OF REORGANIZATION FOR CHRISTOPHER PAXOS

The matter before the court is the confirmation of the Fourth Plan of Reorganization for Christopher Paxos [Doc. 203] (containing certain amendments to resolve certain objections to the Tird Plan of Reorganization for Christopher Paxos [Doc. 152]) ( collectively the "Plan"). A hearing on the confirmation of the Plan having been scheduled on December 5, 2013 at 10:00 A.M. ("Hearing"), all parties in interest having been duly served with notice, only the Office of the United States Trustee ("UST"), Huntington National Bank ("HNB") and the Ohio Department of Taxation ("ODOT") having objected to confirmation of the Plan (the objections by the UST, HNB and ODOT are referred to collectively herein as the "Objections"), all capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan. and the Court having considered the pleadings filed in support of and against

confirmation; and the Court being familiar with the Plan and other relevant factors affecting this case pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"); and the Court having taken judicial notice of the entire record of the Chapter 11 case, including, without limitation, all pleadings and papers filed by the Debtor in the Chapter 11 case, (i) the order entered by the Court on September 5, 2013 [Doc. 153] (the "Disclosure Statement Order") (a) approving the Debtor's Disclosure Statement with Respect to the Plan (the "Disclosure Statement"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to consider confirmation for the Chapter 11 Plan, and (the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore; all parties that were present at the Hearing agreeing to the entry of this order and the Court being fully apprised in the premises, FINDS and ORDERS as follows[1]:

### JURISDICTION AND VENUE

A. The Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. § 1334.

B. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto.

C. Each of the conditions precedent to the entry of this Order has been satisfied.

### JUDICIAL NOTICE

---

[1] The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

D. This Court takes judicial notice of the docket of the Debtor's Chapter 11 case maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 case.

**STANDARDS FOR CONFIRMATION UNDER SECTION 1129 OF THE BANKRUPTCY CODE**

The following Sections of Bankruptcy Code are relevant to this case. The other Sections of Section 1129 do not apply.

E. **Section 1129(a)(1)**. The Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122, 1123, 1125, and 1126 of the Bankruptcy code.

F. **Section 1129(a)(2)**. The Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

G. **Section 1129(a)(3)**. The Plan has been proposed in good faith and not by any means forbidden by law.

H. **Section 1129(a)(4)**. No payment for services or costs in connection with the Chapter 11 case or the Plan has been made by the Debtor other than payments that have been authorized by order of the Court.

I. **Section 1129(a)(7)**. Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

J. **Section 1129(a)(8).** The Plan has been accepted by all impaired classes of Claims except for Class 3; nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) and (2)(B) of the Bankruptcy Code with respect to Class 4.

K. **Section 1129(a)(9)**. The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

L. **Section 1129(a)(10)**. The Plan has been accepted by all classes of impaired Claims that voted on the Plan, except for Class 3, determined without including any acceptance of the Plan by any insider.

M. **Section 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtor.

N. **Section 1129(a)(12)**. The Plan provides for the payment of all fees payable under section 1930, title 28, United States Code by the Debtor on the Effective Date (or as soon as practicable thereafter).

O. **Section 1129(c)**. The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 case that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P. **Section 1129(d)**. No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

## OBJECTIONS

Q. The Objections have been resolved by agreement over certain modifications to the timing and amount of the Distributions as set forth in the Plan and the Objections are therefore overruled.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. The Plan is hereby confirmed.

2. In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtor and his respective successors and assigns, (ii) the holders of Claims and their respective successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed, or is deemed to have filed a proof of Claim, (iii) any other Person giving, acquiring, or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtor and (v) each of the foregoing's respective heirs, successors', assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any.

3. On the Effective Date, except as otherwise provided in the Plan, title to all property of the Estates shall vest in and be transferred in accordance with the terms of the Plan.

4. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court will retain such jurisdiction over the Case after the Effective Date as follows:

a) to hear and decide objections to Claims; and to disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status or the amount of any Claim, including the resolution of any request for payment of any Administrative

Expense Claim, Tax Claim and the resolution of any and all objections to the allowance or priority of Claims;

b) Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Code incurred prior to the Confirmation of this Plan;

c) to hear avoidance actions under §§ 522, 544, 545, 548 and 549;

d) any objection to the dischargeability of any Claim including but not limited to the Spirit Claim;

e) to determine turnover actions under §§ 542 and 543;

f) to issue revocation of an Confirmation Order under § 1144;

g) to order dismissal under § 1112;

h) to permit modification of the Plan under § 1127(b);

i) to enforce the permanent injunction under § 524(a); and

j) To issue final decrees and enter orders closing the Chapter 11 Cases; and

k) any other matter subject to this Court's jurisdiction pursuant to applicable law.

###

Prepared By:
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, Ohio 44116
(440) 499-4506
Fax (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Debtor

Consented to By:
/s/ Amy L. Good, Esq.

Amy L. Good, Esq. (0055572)
Office of the United States Trustee
201 Superior Ave E Ste 441
Cleveland, Ohio 44114
(216) 522-7800 Ext 236
Fax (216) 522-7193
amy.good@usdoj.gov
Attorney for UST

Consented to By:
/s/ Richard P. Schroeter Jr.

Thomas R. Houlihan (#0070067)
Houlihan@amer-law.com
Richard P. Schroeter Jr. (#0089026)
rschroeter@amer-collect.com

Amer Cunningham Co., L.P.A.
159 South Main Street, Suite 1100
Akron, OH 44308-1322
Ph: 330-762-2411
Fx: 330-762-9918
*Special Counsel for State of Ohio*
*Attorney General*

*/s/ Beth Ann Schenz, Esq.*
Beth Ann Schenz #0074217
The Huntington National Bank
6101 West 130th Street, NE06
Parma, Ohio 44130
(216) 267-7459
(877) 229-7552 – facsimile
bkecf@huntington.com
Attorney for HNB

# ECF Service

12-61280-rk Notice will be electronically mailed to the U.S. Trustee, and:

Emily C. Barlage on behalf of Creditor FDIC as Receiver for Tennessee Commerce Bank
ebarlage@frantzward.com, dlbeatrice@frantzward.com

Edward J Boll, III on behalf of Defendant HSBC Bank USA NA Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-8
nohbk@lsrlaw.com

Edward J. Boll, III on behalf of Creditor Wells Fargo Bank, NA
nohbk@lsrlaw.com

Carrie M Brosius on behalf of Creditor Comerica Bank
cmbrosius@vorys.com, dmkamp@vorys.com

John A. Burnworth on behalf of Defendant Christopher Paxos
jburnworth@kwgd.com, mhelmick@kwgd.com

David E Butz on behalf of Debtor Christopher Frank Paxos
dbutz@kwgd.com, mhelmick@kwgd.com

David E Butz on behalf of Defendant Christopher Paxos
dbutz@kwgd.com, mhelmick@kwgd.com

David E Butz on behalf of Spec. Counsel Krugliak, Wilkins, Griffiths & Dougherty Co., LPA
dbutz@kwgd.com, mhelmick@kwgd.com

Jeremy M Campana on behalf of Creditor HSBC Bank USA N.A.
jeremy.campana@thompsonhine.com

Jeremy M Campana on behalf of Creditor Wells Fargo Bank, NA
jeremy.campana@thompsonhine.com

Thomas R Houlihan on behalf of Creditor Ohio Dept. of Job & Family Services
Houlihan@amer-law.com, crogers@amer-collect.com;rschroeter@amer-collect.com;thoulihan@pacernotice.com

Thomas R Houlihan on behalf of Creditor Ohio Dept. of Taxation
Houlihan@amer-law.com, crogers@amer-collect.com;rschroeter@amer-collect.com;thoulihan@pacernotice.com

Melissa A. Jones on behalf of Creditor FDIC as Receiver for Tennessee Commerce Bank
mjones@frantzward.com, dlbeatrice@frantzward.com

Scott A King on behalf of Defendant HSBC Bank USA NA Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-8
scott.king@thompsonhine.com, diane.macleod@thompsonhine.com;mary.romanak@thompsonhine.com

Scott A King on behalf of Defendant Wells Fargo Bank NA,
scott.king@thompsonhine.com, diane.macleod@thompsonhine.com;mary.romanak@thompsonhine.com

Jennifer L. Maffett on behalf of Creditor HSBC Bank USA N.A.
thdaytonecf@thompsonhine.com, jennifer.maffett@thompsonhine.com

Jennifer L. Maffett on behalf of Creditor Wells Fargo Bank, NA
thdaytonecf@thompsonhine.com, jennifer.maffett@thompsonhine.com

Jennifer L. Maffett on behalf of Defendant HSBC Bank USA NA Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-8

thdaytonecf@thompsonhine.com, jennifer.maffett@thompsonhine.com

Jennifer L. Maffett on behalf of Defendant Wells Fargo Bank NA,
thdaytonecf@thompsonhine.com, jennifer.maffett@thompsonhine.com

Michael J O'Shea on behalf of Creditor Spirit SPE Portfolio 2007-1 LLC
michael@moshea.com, ron@moshea.com

Michael J O'Shea on behalf of Plaintiff Spirit SPE Portfolio 2007-1 LLC
michael@moshea.com, ron@moshea.com

Beth Ann Schenz on behalf of Creditor THE HUNTINGTON NATIONAL BANK
bkecf@huntington.com

Richard P Schroeter, Jr on behalf of Creditor Ohio Dept. of Taxation
rschroeter@amer-collect.com, thoulihan@pacerhq.com;crogers@amer-collect.com

Frederic P Schwieg on behalf of Attorney Frederic P Schwieg
fschwieg@schwieglaw.com

Frederic P Schwieg on behalf of Debtor Christopher Frank Paxos
fschwieg@schwieglaw.com

Frederic P Schwieg on behalf of Plaintiff Christopher Paxos
fschwieg@schwieglaw.com

John W Solomon on behalf of Creditor Comerica Bank
jwsolomon@vorys.com, sasiciliano@vorys.com;mlteuscher@vorys.com

Elia O. Woyt on behalf of Creditor Comerica Bank
eowoyt@vorys.com, eowoyt@vorys.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Amy Good ust08 on behalf of U.S. Trustee United States Trustee
amy.l.good@usdoj.gov